EMBRY, Justice
(dissenting):
I am compelled to agree with the decision of the Court of Civil Appeals in this case. I view this matter as purely one of a non-adhesion contract knowingly entered into upon the part of Hayes with complete awareness that it contained the critical contract term referred to in the opinion of the Court of Civil Appeals which provided that “Your responsibilities will begin September 22, 1978 and [will be] subject to immediate termination upon notice.. . . ” Under these circumstances I would hold that Hayes was possessed of no Roth rights to a hearing and reasons for terminating his employment, but to the contrary would hold that if, indeed, he was possessed of any such rights the contract entered into by him with the Mobile County Board of School Commissioners constituted a waiver of any such rights.
The record, as well as logic and reason, amply supports the rationale expressed by Judge Scruggs in the opinion of the Court of Civil Appeals when he said:
This type of teacher contract was locally known as an interim contract and had been used for about four years in approximately one thousand instances, some of which being utilized to hire regular teachers who were employed after the beginning of a school term. This particular kind of interim contract was used to give to the superintendent’s staff more flexibility in filling vacancies and transfers and also to establish a probationary period during which a new teacher, who, of necessity, might have been hastily employed without time or opportunity for prior evaluation, could be summarily terminated upon notice should his employment not prove satisfactory.
I cannot conclude that the statutes cited and discussed in the majority opinion have any bearing on this case. For the reasons stated, I would quash the writ in this case as improvidently granted or write an opinion affirming the Court of Civil Appeals on the bases on which that court decided this case.
TORBERT, C. J., and FAULKNER, J., concur.